UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

$3,840,772.58 U.S. dollars constituting
125 international wire transfers seized
from U.S. correspondent bank, Citibank,
between December 21, 2020 and
January 4, 2021,

$1,025,446.18 U.S. dollars constituting
42 international wire transfers seized
from U.S. correspondent bank, JPMorgan
Chase Bank, between December 21, 2020
and January 4, 2021,

$765,143.73 U.S. dollars constituting
40 international wire transfers seized
from U.S. correspondent bank, Bank of
New York Mellon, between December 21, 2020
and January 4, 2021,

$145,466.52 U.S. dollars constituting
6 international wire transfers seized
from U.S. correspondent bank, Mashreq
Bank PSC, between December 21, 2020
and January 4, 2021,

$387,337.51 U.S. dollars constituting
13 international wire transfers seized
from U.S. correspondent bank, Standard
Chartered Bank, between December 21, 2020
and January 4, 2021,

Case No. 21-cv-10928
Honorable Denise Page Hood

$159,616.77 U.S. dollars constituting 6 international wire transfers seized from U.S. correspondent bank, Deutsche Bank Trust Company Americas, between December 21, 2020 and January 4, 2021,

$2,288,936.63 U.S. dollars constituting 67 wire transfers seized from U.S. correspondent bank, Citibank, N.A., between May 3, 2021 and May 21, 2021,

$1,449,112.82 U.S. dollars constituting 44 wire transfers seized from U.S. correspondent bank, JPMorgan Chase Bank, between May 3, 2021 and May 21, 2021,

$1,348,713 U.S. dollars constituting 44 wire transfers seized from U.S. correspondent bank, Bank of America, between May 3, 2021 and May 21, 2021,

$636,373.90 U.S. dollars constituting 28 wire transfers seized from U.S. correspondent bank, Bank of New York Mellon, between May 3, 2021 and May 21, 2021,

$20,155 U.S. dollars constituting 2 wire transfers seized from U.S. correspondent bank, Deutsche Bank and Trust Company Americas, between May 3, 2021 and May 21, 2021, and

$34,000 U.S. dollars constituting 2 wire transfers seized from U.S. correspondent bank, Mashreq Bank PSC, between May 3, 2021 and May 21, 2021,

Defendants <em>in rem</em>.

## GOVERNMENT'S MOTION FOR ENTRY OF ORDER STAYING CIVIL FORFEITURE PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)

The United States of America, through Dawn N. Ison, United States Attorney, and Gjon Juncaj, Assistant United States Attorney, respectfully requests that the Court enter an order to stay the civil forfeiture proceedings pursuant to 18 U.S.C. § 981(g)(1) for the reasons set forth in the accompanying brief. This motion is supported by the declaration of a law enforcement officer, which has been filed ex parte and under seal as authorized by 18 U.S.C. § 981(g)(5).

The United States request for a stay of these proceedings is mandatory if the government makes the showing required by 18 U.S.C. § 981(g). Although a general stay should be issued in this case pursuant to 18 U.S.C. § 981(g)(1), certain preliminary proceedings should be permitted to continue. In particular: 1) as the government continues to serve notice of these proceedings to known and newly discovered putative claimants located domestically and abroad, the putative claimants should be permitted to file verified claims in this civil forfeiture action pursuant to Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G"); 2) the court may adjudicate the government's pending motion to strike pleadings filed by

3

non-parties in this action (ECF No. 28) because it pertains to the improper pleadings of non-parties; and 3) the court should allow for any agreed upon resolution of any pending or putative claims relating to the defendant *in rem* wire transactions in this case.

The United States also seeks to provide status reports every ninety (90) days wherein the government will provide a report to the court regarding whether the stay of proceedings is still required for the reasons specified in 18 U.S.C. § 981(g)(1). If necessary, the status report will be supported by an ex parte filing as authorized by 18 U.S.C. § 981(g)(5).

Pursuant to Local Rule 7.1(a), undersigned counsel for the United States communicated the government's intention to file a motion to stay, and its legal basis, to attorney Rebecca Castaneda, attorney of record for seventeen (17) parties that have filed claims in this case.[1] Ms. Castaneda advised that her clients oppose the motion to stay proceedings. Pursuant to Local Rule 7.1(a), undersigned counsel for the United States also conferred with attorneys Page Pate and Jess Johnson,

---

[1] Specifically, Ms. Castaneda represents the following parties that have filed claims: Warehow Trading, LLC; Tropica, LLC; Siloxo Trading, LLC; Prime Future Trading, LLC; Premier Fabrics FZE; POSTD Trading, LLC; NASA Motors FZE; Memon Empire Foodstuff Trading, LLC; LDK Textile Trading, LLC; Genesis Tech Pro PTE LTD; Fresh Root Trading, LLC; Far East Trading, LLC; Everventive Trading, LLC; Esoon Trading, LLC; East Rise General Trading, LLC; and Dastagir General Trading, and Wheels on Deals FZE.

counsel for claimant Straight Way General Trading. Straight Way General Trading advised through counsel that it also opposes a stay of proceedings.

                Respectfully submitted,

                DAWN N. ISON
                United States Attorney

                s/ Gjon Juncaj
                Gjon Juncaj (P63256)
                Assistant United States Attorney
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-0209
                gjon.juncaj@usdoj.gov

Dated:  March 11, 2022

# BRIEF IN SUPPORT OF GOVERNMENT'S MOTION FOR ENTRY OF ORDER STAYING CIVIL FORFEITURE PROCEEDINGS

## I.    Introduction

These civil forfeiture proceedings directly relate to an ongoing criminal investigation more specifically described in the sealed ex parte declaration in support of this motion. The public filing of the Second Amended Complaint, and its ongoing service by the government, has provided an opportunity for putative claimants to file claims to the defendant *in rem* wire transactions. The defendant *in rem* wire transactions were seized between December 21, 2020 through January 4, 2021 and May 3, 2021 through May 21, 2021, pursuant to several judicially approved seizure warrants. (ECF No. 9, PageID.173, Second Amended Complaint).

Targets of the ongoing investigation include the General Trading Companies (GTC) that have filed claims in this case. These GTCs, ostensibly independent companies but all represented by common counsel, have made "repeated requests" to be provided with documents under seal, including the underlying seizure warrants in this case. (*See* ECF No. 88, PageID.585, paragraph 5, motion to dismiss referencing "repeated requests" for sealed documents). During Local Rule 7.1(a) consultation of counsel regarding the instant motion, counsel for the seventeen GTCs again requested that the government unseal the record and provide "the warrant, the return, the inventory, and the affidavit."

Given the foreseeable discovery process to be initiated in this case, and in light of the repeated requests for sealed matters, these proceedings must be stayed pursuant to 18 U.S.C. § 981(g)(1).

## II. Procedural Background

The operative Second Amended Complaint in this proceeding was filed with leave of court on September 30, 2021. (ECF No. 8). This docket and the preceding Amended Complaint were unsealed on August 11, 2021. Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G") requires a verified claim be filed for a party to enter civil forfeiture proceedings as a litigant. To date, eighteen (18) claims have been filed as to certain seized wire transactions before the court, with the most recent claim filing occurring on March 11, 2022. (ECF Nos. 36, 71-86, 115).

The docket also contains "Notices of Appearance" and other motions filed on behalf of "Defendant" companies that are not a party to this civil forfeiture action. These pleadings were filed on the ECF docket as if they were filed on behalf of the defendants *in rem* before the court. (*See* ECF Nos. 16-25).[2] A United

---

[2] Relatedly, in an order issued March 2, 2022, the court advised the 16 commonly represented claimants that filed or joined motions that their claims were not properly entered via ECF, noting that as a result they are not easily identified as claimants/parties to the forfeiture action. To date, this lack of clarity remains on the docket, and the order had no effect on the most recent claim filed by common counsel on March 11, 2022.

States motion to strike these pleadings remains pending. (ECF No. 28).

On February 14 and February 25, 2022, motions to dismiss were filed by Far East Food Trading, LLC and Warehow Trading, LLC. (ECF Nos. 92 and 102). Other commonly represented claimants have joined these motions to dismiss. The government subsequently served Special Interrogatories on each claimant, thereby suspending any briefing on motions to dismiss by operation of law. *See* Supplemental Rule G(6)(c).

### III.  Argument

A Stay is Required

Pursuant to 18 U.S.C. § 981(g)(1) a civil forfeiture proceeding must be stayed under the following circumstance:

> Upon the motion of the United States, the court **shall** stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

(emphasis added).  A "related investigation" is defined in 18 U.S.C. § 981(g)(4) as:

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

8

The criminal investigation detailed in the ex parte declaration in support of this motion clearly establishes it is related to this civil proceeding.

The statute also provides for a mandatory stay of proceedings with respect to a claimant if the claimant shows, among other factors, that it is the subject of a related criminal investigation or case and continuation of the forfeiture proceeding "will burden the right of the claimant against self-incrimination in the related investigation." 18 U.S.C. § 981(g)(2). Although the government believes these factors are applicable to the parties that have filed claims with court, this basis for a stay is not currently requested by the represented parties.[3]

A stay is required because allowing this civil case to proceed would adversely affect the related criminal investigation. The ex parte declaration under seal provides detailed and thorough grounds supporting this conclusion. Where supported, district courts routinely enter stays of civil forfeiture proceedings to protect criminal investigations. *See United States v. Currency $716,502.44*, 2008 WL 5158291, *5 (E.D. Mich. 2008) (stay necessary where civil discovery would

---

[3] Currently 16 GTCs have Special Interrogatory responses due to the United States on or before March 24, 2022. Supplemental Rule G(6)(b)(1) (requiring responses 21 days after service). Interrogatory responses must be verified and answered under penalty of perjury. By virtue of their opposition to a stay in this case, the 16 GTCs are advocating that they respond to the pending interrogatories. The government welcomes those required responses under penalty of perjury, but it has no objection to them being served within seven (7) days after any approved stay is lifted or with seven (7) days after a denial of this motion.

compromise prospective witnesses and evidence being gathered in a related and ongoing fraud investigation); *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 65-66 (D.D.C. 2006) (stay ordered, citing necessity to protect the identification of witnesses and confidential informants); *United States v. Two Hundred Eighty-Four Thousand Nine Hundred Forty-Two Dollars ($284,942)*, 2020 WL 8514829, *3 (S.D. Ohio 2020) (stay ordered, citing parties could seek deposition of witnesses and case agents).

Moreover, 18 U.S.C. § 981(g) does not require an active discovery schedule or that the government face a formal discovery request before a stay is entered. Where adverse effects to a related criminal investigation are shown, a stay is required - even if a claimant offers to skip discovery and go straight to trial. *United States v. $1,669,675*, 2014 WL 687553, *3 (S.D. Fla. Jan. 16, 2014) (Claimant cannot negate the need to stay a civil case merely by proposing to dispense with discovery).

The motions to dismiss filed by claimants provide no grounds to deny the stay required in this case. In the first instance, the filed motions to dismiss are suspended because the government served special interrogatories on the claimants. Supplemental Rule G(6)(c); *see also United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (the government need not respond to a motion to dismiss

until 21 days after the claimant has answered the special interrogatories.) The government anticipates it will file motions to strike the claims in this case. The motions will be supported by evidence specified in the ex parte declaration before the court, which if disclosed at this time would adversely impact the ongoing criminal investigation. Upon the filing of a motion to strike, it immediately takes precedence over any pending motions to dismiss. This is because the rules governing forfeiture actions require claimants to first establish standing before they can press dispositive motions or other litigation in a case. *Id.* As aptly summarized by the Second Circuit:

> If the government does move to strike a claim, that motion to strike "must be decided before any motion by the claimant to dismiss the action." Forfeiture Rule G(8)(c)(ii)(A). Establishing standing in the context of a forfeiture action before considering the merits of a motion to dismiss simply makes sense: the defendant in such an action is the res, not the claimant. Without standing, the claimant lacks the right to bring any motion, regardless of the basis.

*Id.* Even if standing was established and the motions to dismiss were active, a motion to stay civil forfeiture proceedings must still be granted where the requisite showing is made. Here, that showing has been made: the foreseeable discovery and other litigation in this case would adversely impact the ongoing criminal investigation detailed in the accompanying declaration of support.

Service and Filings of Claims Should Proceed / Status Reports to Be Filed

Although a stay should be issued in this case pursuant to 18 U.S.C. § 981(g)(1), certain preliminary matters should be permitted to continue for purposes of judicial efficiency.

First, as the government continues to serve notice of these proceedings to known and newly discovered putative claimants located domestically and abroad, the putative claimants should be permitted to file verified claims pursuant to Supplemental Rule G. This will allow putative claimants to file their claims and appear before the court while the required stay is pending.

Second, the court should adjudicate the government's pending motion to strike pleadings filed by non-parties in this action. (ECF No. 28). For the reasons stated in the government's motion to dismiss, these extraneous pleadings are not properly before the court.

Third, the court should allow for the agreed upon resolution of any pending or putative claims relating to the defendant in rem wire transactions in this case. If current or putative claimants should agree with the government on an appropriate resolution, judicial efficiency is served where those claims are allowed to resolve themselves by stipulation of the parties.

Fourth, the United States shall provide status reports every ninety (90) days wherein the government will report whether a stay of proceedings is still required

12

for the reasons specified in 18 U.S.C. § 981(g)(1). If necessary, the status report will be supported by an ex parte filing as authorized by 18 U.S.C. § 981(g)(5).

All other proceedings in this case should be stayed.

## IV. Conclusion

Permitting these proceedings to continue will have an adverse impact on a related criminal investigation. As a result, the court should enter an order staying these proceedings, with the requirement that the government file status reports every 90 days.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/ Gjon Juncaj
Gjon Juncaj (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0209
gjon.juncaj@usdoj.gov

March 11, 2022

## Certification of Service

I hereby certify that on March 11, 2022, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all ECF participants.

                Respectfully submitted,

                DAWN N. ISON
                United States Attorney

                s/ Gjon Juncaj
                Gjon Juncaj (P63256)
                Assistant United States Attorney
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                (313) 226-0209
                gjon.juncaj@usdoj.gov