United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

v.

$3,840,772.58 U.S. dollars constituting 125 international wire transfers seized from U.S. correspondent bank, Citibank, between December 21, 2020 and January 4, 2021,

$1,025,446.18 U.S. dollars constituting 42 international wire transfers seized from U.S. correspondent bank, JPMorgan Chase Bank, between December 21, 2020 and January 4, 2021,

$765,143.73 U.S. dollars constituting 40 international wire transfers seized from U.S. correspondent bank, Bank of New York Mellon, between December 21, 2020 and January 4, 2021,

$145,466.52 U.S. dollars constituting 6 international wire transfers seized from U.S. correspondent bank, Mashreq Bank PSC, between December 21, 2020 and January 4, 2021,

$387,337.51 U.S. dollars constituting 13 international wire transfers seized from U.S. correspondent bank,

Case No. 21-cv-10928
Hon. Denise Page Hood

Standard Chartered Bank, between December 21, 2020 and January 4, 2021,

$159,616.77 U.S. dollars constituting 6 international wire transfers seized from U.S. correspondent bank, Deutsche Bank Trust Company Americas, between December 21, 2020 and January 4, 2021,

$2,288,936.63 U.S. dollars constituting 67 wire transfers seized from U.S. correspondent bank, Citibank, N.A., between May 3, 2021 and May 21, 2021,

$1,449,112.82 U.S. dollars constituting 44 wire transfers seized from U.S. correspondent bank, JPMorgan Chase Bank, between May 3, 2021 and May 21, 2021,

$1,348,713 U.S. dollars constituting 44 wire transfers seized from U.S. correspondent bank, Bank of America, between May 3, 2021 and May 21, 2021,

$636,373.90 U.S. dollars constituting 28 wire transfers seized from U.S. correspondent bank, Bank of New York Mellon, between May 3, 2021 and May 21, 2021,

$20,155 U.S. dollars constituting 2 wire transfers seized from U.S. correspondent bank, Deutsche Bank

and Trust Company Americas, between May 3, 2021 and May 21, 2021, and

$34,000 U.S. dollars constituting 2 wire transfers seized from U.S. correspondent bank, Mashreq Bank PSC, between May 3, 2021 and May 21, 2021,

        Defendants *in rem*.

## Stipulated Consent Judgment and Final Order of Forfeiture Regarding Wire Nos. 320, 321, and 322 with Incorporated Claim of Unicon International, LTD.

The parties, the United States of America, by and through its undersigned counsel, and Unicon International, LTD, by and through its Chief Executive Officer, Rafiq Godil, and after consultation with its attorney Aamer Ravji, **STIPULATE** and **AGREE** as follows for purposes of resolving Defendant *in rem* Wire Nos. 320, 321, and 322, of the Second Amended Complaint (ECF No. 9-3, PageID.217):

    1.    On May 21, 2021, the United States of America seized the Defendant *in rem* $2,288,936.63 U.S. dollars constituting 67 wire transfers seized from U.S. correspondent bank, Citibank, N.A., between May 3, 2021 and May 21, 2021, which included the following three Defendant *in rem* wire transactions (Subject Funds):

3

| 320 | Citibank | 5/21/2021 | $22,873.00 | PREMIER FABRICS FZE - SHARJA, UAE | U.I.P. - PAKISTAN |
| 321 | Citibank | 5/21/2021 | $25,481.00 | PREMIER FABRICS FZE - SHARJA, UAE | U.I.P. - PAKISTAN |
| 322 | Citibank | 5/21/2021 | $26,661.00 | PREMIER FABRICS FZE - SHARJA, UAE | U.I.P. - PAKISTAN |

(ECF No. 9-3, PageID.217).

2. Unicon International, LTD (Unicon), received notice of the civil forfeiture action against the Subject Funds, including Warrant(s) of Arrest and Notice(s) *In Rem*, and the Second Amended Complaint for Forfeiture relating to the Subject Funds. Direct notice of the same was provided to Unicon's attorney Aamer Ravji on October 22, 2021. The parties subsequently agreed to extend Unicon's deadline to submit a claim to the Subject Property in these civil forfeiture proceedings.

3. As to all other potential claimants to the Subject Funds, the United States served notice of its intent to forfeit Defendant *in rem* Wire Nos. 320, 321, and 322, on all reasonably identifiable and located persons who reasonably appeared to be a potential claimant to the Subject Funds. The United States also published notice of the seizure of the Defendants *in rem* case publicly. (ECF No. 54, Declaration of Publication). No claims were filed and the time for filing a claim has expired.

4. Unicon, by and through Rafiq Godil, its Chief Executive

Officer, hereby asserts a claim to the Subject Funds, Wire Nos. 320, 321, and 322, in these proceedings. Unicon is the owner and intended recipient of the Subject Funds, Wire Nos. 320, 321, and 322.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 24, 2023.

<u>S/Rafiq Godil (see attached)</u>
Unicon International, LTD
By: Rafiq Godil, its CEO
Plot #207, Sector 23 Korangi
Industrial Area Karachi,
Pakistan

Now therefore, the parties stipulate as follows:

    5.    This is an *in rem* civil forfeiture action brought against the Subject Funds pursuant to 18 U.S.C § 981(a)(1)(A).

    6.    This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391, 1395, and any other applicable provisions of law.

    7.    The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause for the seizure of the Subject Funds as set forth in 28 U.S.C. § 2465, and the position of the United States in this action is substantially justified as provided in 28 U.S.C. § 2412(d)(1)(B).

8. The amount of $50,000.00 of the Subject Funds **SHALL BE RETURNED TO** Unicon, less any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect from the Unicon, including but not limited to any debts collected through the Treasury Offset Program. Following entry of this order and receipt by the U.S. Attorney's Office of Unicon's tax identification number, if any, the Internal Revenue Service or its delegate shall disburse the funds through the Electronic Payment System, after Unicon's attorney, Aamer Ravji, has supplied Automated Clearing House information to the United States Department of Treasury for electronic fund transfer into Aamer Ravji's IOLTA account.

9. The remainder of the Subject Funds, the amount of $25,015, plus any interest that may have accrued on the whole of the Subject Funds since the time of seizure (Forfeited Funds), **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A). Further, any right, title or interest of the Claimant Unicon in the Forfeited Funds is hereby and forever **EXTINGUISHED**, and clear title to the Forfeited Funds shall hereby be **VESTED** in the United States, and the Internal Revenue Service, or its delegates, are

6

**AUTHORIZED** to dispose of the Forfeited Funds according to law.

10. Upon entry of this judgment, Claimant Unicon forever waives any appellate rights it may have pertaining to this civil forfeiture action.

11. Claimant Unicon hereby knowingly and voluntarily waives any and all rights to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this civil forfeiture action under 28 U.S.C. §§ 2412(d), 2465(b), or any other statute that might conceivably apply. Unicon shall not claim or seek attorney fees from the United States under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute, or regulation.

12. Claimant Unicon releases, remises, and discharges plaintiff, the United States of America, and any of its agencies involved in this civil forfeiture matter, including but not limited to the Department of Treasury, Internal Revenue Service, the United States Attorney=s Office, and their agents, officers and employees, past and present, from all claims or causes of action which Claimant Unicon and its agents, officers, employees, assignees and/or successors in interest have, may have had, or may have on account of the events or circumstances giving

rise to the above-captioned action.

13. Claimant Unicon affirms it has fully read this Stipulated Consent Judgment, has discussed this settlement with its attorney Aamer Ravji, and fully understand its terms and conditions and the consequences of entering into it.

[*This section intentionally left blank.*]

14. The parties agree that each shall bear their own costs and fees in this matter.

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/ Gjon Juncaj | S/Rafiq Godil (see attached) |
| Gjon Juncaj (P63256) | Unicon International, LTD |
| Assistant United States Attorney | By: Rafiq Godil, its CEO |
| 211 W. Fort Street, Suite 2001 | Plot #207, Sector 23 Korangi |
| Detroit, MI 48226-3211 | Industrial Area Karachi, Pakistan |
| (313) 226-0209 | |
| gjon.juncaj@usdoj.gov | United States Contact: |
| | Aamer Ravji, Attorney at Law |
| Dated: May 5, 2023 | 1700 Pacific Ave Ste 3870 |
| | Dallas, TX 75201 |
| | (214) 356-2244 |
| | |
| | Dated: March 24, 2023 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED**.

                                                  s/Denise Page Hood
                                                  United States District Judge

Dated: May 9, 2023

4. Unicon, by and through Rafiq Godil, its Chief Executive Officer, hereby asserts a claim to the Subject Funds, Wire Nos. 320, 321, and 322, in these proceedings. Unicon is the owner and intended recipient of the Subject Funds, Wire Nos. 320, 321, and 322.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 24, 2023.

Unicon International, LTD
By: Rafiq Godil, its CEO
Plot #207, Sector 23 Korangi
Industrial Area Karachi,
Pakistan

Now therefore, the parties stipulate as follows:

5. This is an *in rem* civil forfeiture action brought against the Subject Funds pursuant to 18 U.S.C § 981(a)(1)(A).

6. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391, 1395, and any other applicable provisions of law.

7. The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause for the seizure of the Subject Funds as set forth in 28 U.S.C. § 2465, and the

5

14. The parties agree that each shall bear their own costs and fees in this matter.

Dawn N. Ison
United States Attorney

_____
Gjon Juncaj (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-0209
gjon.juncaj@usdoj.gov

Dated: March ___, 2023

_____
Unicon International, LTD
By: Rafiq Godil, its CEO
Plot #207, Sector 23 Korangi
Industrial Area Karachi,
Pakistan

United States Contact:
Aamer Ravji, Attorney at Law
1700 Pacific Ave Ste 3870
Dallas, TX 75201
(214) 356-2244

Dated: March 24, 2023

*****************

**IT IS SO ORDERED.**

_____
Honorable Denise Page Hood
United States District Judge

9